```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ROBERT A. CAMPBELL,               :
     Petitioner,                  :
                                  :
v.                                : CASE No. 3:19-CV-00540 (AWT)
                                  :
WARDEN WILLIAM MULLIGAN ET AL.    :
     Respondents.                 :
                                  :
```

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The pro se petitioner, Robert A. Campbell, was incarcerated at MacDougall-Walker Correctional Institution at the time he brought this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges his May 2016 convictions.

For the reasons set forth below, the petition for writ of habeas corpus is being denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Following a criminal trial in Connecticut Superior Court, the petitioner was convicted of possession of narcotics with intent to sell, possession of narcotics with the intent to sell within 1500 feet of a school, and possession of narcotics in violation of Connecticut General Statutes §§21a-278(b), 21a-278a(b), and 21a-279(a), respectively. He was sentenced to a total effective sentence of fifteen years of imprisonment followed by five years of special parole.

The petitioner appealed his conviction to the Connecticut Appellate Court. His appointed counsel moved to withdraw after

determining that there were no nonfrivolous claims, and the Appellate Court granted the motion. The petitioner filed his own appearance and continued to pursue the appeal. The following year, the petitioner withdrew his appeal.

The petitioner also filed three applications for writ of habeas corpus in Superior Court. In each instance, the court either dismissed the petition or declined to issue the writ. See Campbell v. Commissioner of Correction, Superior Court, Judicial District of Tolland, Docket Nos. TSR-CV18-4009573-S, TSR-CV18-4009684-S, and TSR-CV18-4009773-S. He did not appeal any of these decisions.

While his appeal was pending in the Connecticut Appellate Court, the petitioner applied in this court for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The petition was dismissed without prejudice on the ground that the petitioner had failed to exhaust his state court remedies. See Campbell v. Erfe, 2016 WL 4926411 (D. Conn. September 14, 2016).

After withdrawing the appeal he had filed in the Connecticut Appellate Court, Campbell petitioned for a writ of mandamus from the Connecticut Supreme Court on December 17, 2018, and again on January 28, 2019. The Connecticut Supreme Court denied the petitions and filed an order prohibiting Campbell from making any further filings involving H15N-CR-14-0275324-S, State of Connecticut v. Robert A. Campbell.

## II. LEGAL STANDARD

A prerequisite to habeas corpus relief under 28 U.S.C. §2254 is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity between the federal and judicial systems. See Coleman v. Thompson, 501 U.S. 722, 731 (1991).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a supreme court with discretionary review," if it "alert[s] that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." Id. at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (Per curiam). A petitioner cannot, however, simply wait until the appellate remedies no longer are available and argue that the claim is exhausted. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") gave district courts the discretion to deny a petition for writ of habeas corpus on the merits "notwithstanding the failure of an applicant to exhaust the remedies available in the courts of the State." Stover v. Ercole, 2011 WL 814710 at *5 (S.D.N.Y. March 8, 2011)(citing Rose v. Lundy, 455 U.S. 509, 522 (1989)). "In the exercise of this discretion, many district courts have chosen to deny unexhausted claims that are 'patently frivolous.' The Supreme Court has noted that 'plainly meritless' claims should be denied on the merits rather than dismissed for failure to exhaust." Id.

**III. DISCUSSION**

The petitioner raises four grounds for relief based on violations of "28 U.S.C. Chapter 97 section 1602 to 1611; 18 U.S.C. Part 1 section 241 and 242 and/or the 4th, 5th, 6th and 9th Amendments of the U.S. Constitution." Pet. at 9. He claims that

his conviction (1) is a "misapplication of the [statutes];" (2) "lacks subject matter jurisdiction;" (3) is "constructive fraud;" and (4) is "false imprisonment." Id. at 9-15.

The respondents argue that the petitioner has not exhausted his available state court remedies with respect to any of these claims, and that, in any event, the petitioner's claims are frivolous and should be denied on the merits. The court agrees.

**A. Exhaustion of State Court Remedies**

Section 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. §2254(b)(1). "An application shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c).

> [T]o satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)(internal quotation marks and citations omitted). . .

Burgos v. State of Connecticut, 2021 WL 2515730, at *1 (D. Conn. June 17, 2021.

"The exhaustion requirement springs primarily from considerations of comity." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982).

> The exhaustion doctrine recognizes that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants. See Irwin v. Dowd, supra, 359 U.S. at 404, 79 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The requirement that federal courts not exercise habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions. See Rose v. Lundy, 455 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). . .

Id.

Campbell has not gone through one complete round of the State's appellate review process with respect to any of his claims. He began the review process by appealing his conviction to the Connecticut Appellate Court, but withdrew his claim prior to a decision being rendered, thus not giving that court a "full and fair 'opportunity to pass upon and correct alleged violations of [the petitioner's] federal rights.'" Burgos, at *1.

Campbell then filed two petitions for a writ of mandamus with the Connecticut Supreme Court. These filings do not constitute exhaustion. "It is not sufficient merely that the

-6-

[petitioner] has been through the state courts." Ellman v. Davis, 42 F.3d 144, 147 (2d Cir. 1994). The petitioner must "present the essential factual and legal bases of his federal claim to each appropriate state court. . ." Burgos, at *1. The State of Connecticut has a well-established review process, which Campbell did not follow. Under Connecticut law, "[t]he Superior Court may issue a writ of mandamus in any case in which a writ of mandamus may by law be granted . . ." CT Gen. Stat. §52-485(a). If a party is unsatisfied with the decision of the Superior Court, "[a]ppeals and writs of error from final judgments or actions of the Superior Court shall be taken to the Appellate Court in accordance with section 51-107c . . ." Id. at §51-197(a). It is only then that "[a]n appeal may be filed with the Supreme Court . . . where the Supreme Court, upon petition of an aggrieved party, certifies the case for review." Connecticut Practice Book §84-1.

Here, in addition to making the initial filing with the Connecticut Supreme Court instead of the Connecticut Superior Court, Campbell also failed to respond to the Connecticut Supreme Court's order to submit, on or before March 17, 2019, a memorandum addressing why he should not be prohibited from making any further filings involving his case. Following his failure to submit such a memorandum, the Connecticut Supreme Court issued another order stating "that the claimant, Robert A.

-7-

Campbell, is prohibited from filing any further filings involving H15N-CR-14-0285324-S, State of Connecticut v. Robert A. Campbell, with the Supreme Court." Resp't App. F.

Thus, with respect to each of the appeal of his conviction, his state habeas petitions, and his petitions for writ of mandamus, Campbell failed to present the essential factual and legal bases of any potential federal claim to each appropriate state court.

While there are exceptions to the exhaustion requirement, the Supreme Court stated in Duckworth that "[a]n exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." 454 U.S. at 3. Campbell has not alleged facts showing that there was no opportunity for redress in state court or that the state court process is clearly deficient.

**B. Frivolous Claims**

Section 2254(b)(2) provides that an "application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of an applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §2254(b)(2). "Where a federal habeas petition contains frivolous claims, requiring state court exhaustion does not serve the underlying purpose of comity." Cooks v. Johnson, 2015 WL 2003966 at *2 (E.D.Cal. May

1, 2015). The respondents point out that the petitioner's claims are "based upon his purported status as a 'sovereign citizen'" and "[g]iven that the petitioner's claims are obviously meritless, this option presents the most sensible method of resolving the petition." Resp'ts Resp. at 1, 9. The court agrees.

"As the Second Circuit has described, 'sovereign citizens' is 'a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.'" Osario v. Connecticut, 2018 WL 1440178, at *5 (D. Conn. Mar. 22, 2018). "Many district courts, including this Court, have rejected jurisdictional claims from 'sovereign citizens' as patently frivolous." Ramos v. Semple, 2019 WL 2437851, at *4 (D. Conn. June 11, 2019).

In Ramos, the petitioner asserted four claims for relief, including that he was "legally sovereign, free, and immune from all claims and charges. . ." and that the trial court "lack[ed] subject matter jurisdiction" over his case. Id. The court held that because each of the petitioner's claims rested on the contention that he was a sovereign citizen, and such a contention lacks legal merit, those claims were frivolous; thus, the petition was denied. See id. at *4-5. Similarly, in Tyson v. Clifford, 2018 WL 6727538 at *2 (D. Conn. December 21, 2018),

the petitioner alleged that he was a sovereign "as establish[ed] by law" and that the State of Connecticut "violated his rights under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments as well as under sections 241 and 242 of title 18 of the United States Code." Id. The court noted:

> It is apparent that Tyson is claiming that, as a "sovereign citizen," he is not subject to the jurisdiction of the State of Connecticut or the Superior Court and that any criminal charges against him must be dismissed. To the extent that he challenges the jurisdiction of the State of Connecticut, its courts, or Judge Clifford, or the authority of the State, through Attorney Doyle, to prosecute him for a criminal offense, based on a "sovereign citizen" theory, the court concludes that the claim lacks an arguable legal basis. Thus, that claim is dismissed.

Id. at *3.

For each of his four claims, Campbell asserts that he is entitled to have the judgment of conviction vacated and be immediately released from custody. Like the petitioners in Ramos and Tyson, Campbell uses language grounded in sovereign citizen theory. He identifies himself as "a living breathing man," a "secured party creditor," and he claims that the legal person ROBERT A. CAMPBELL was "created in the contemplation of the law." Aff. Of Truth & Status at 1. However, "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the

courts. These theories should be rejected summarily, however they are presented." United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011). Because each of the petitioner's claims is based on the contention that he is a "sovereign citizen," each is a legally frivolous claim and his petition should be denied on the merits.

**IV.   CONCLUSION**

For the reasons set forth above, the petition for habeas corpus pursuant to 28 U.S.C. §2254 (ECF No. 1) is hereby DENIED.

The Clerk shall enter judgment accordingly and close this case.

It is so ordered.

Dated this 27th day of July 2021, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge
